CASE 27—PETITION ORDINARY—SEPTEMBER 29.

## Burnam vs. Commonwealth.

**APPEAL FROM FRANKLIN CIRCUIT COURT.**

1. The act of March 15, 1862, authorizing proceedings against officers of the so-called Provisional Government, is not unconstitutional in substituting constructive, for actual, service of process, and allowing personal judgment on such service. Nor does the act dispense with a jury when damages are to be assessed, or an issue of fact tried.

2. In a proceeding under the 2d *section* of the act, judgment against the defendants should be *several*, not joint. The 1st *section* properly holds the Governor, &c., *jointly* liable for whatever their subordinates may have unlawfully seized.

C. F. BURNAM, for appellant, cited *Sess. Acts*, 1861–2–3, *p.* 80 ; *Civil Code, sec.* 361; 1 *Marsh.*, 290; 1 *Hav. Miss. Rep.*, 102; 3 *Parker C. R.*, 544.

J. M. HARLAN, Attorney General, for Commonwealth, cited 6 *B. M.*, 360.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This appeal presents, for the first time, for judicial construction by this court, the Kentucky statute of March the 15th, 1862, entitled "An act authorizing proceedings against the Governor, members of the council, and other officers of the so-called Provisional Government, for the recovery of the public revenue seized by them, and for other purposes."

A petition was filed in the Franklin circuit court by the Commonwealth, against the appellant and others, for $100,-000, charged to have been unlawfully seized and used of the public revenue of Kentucky. The 1st paragraph does not allege that any of the persons sued were officers of the Provisional Government. The 2d paragraph charges them with having been subordinate officers—treasurer, sheriff, &c., of that spurious association. The proceedings were conducted in the mode prescribed by the said act; and, without either actual service or appearance, the circuit judge, without a jury, rendered judgment for $100,000 against all the defendants jointly. And from that judgment Burnam alone appeals.

Burnam vs. Commonwealth.

We cannot adjudge any provision in the act to be unconstitutional. As in other cases, when actual notice cannot be given to absent defendants, there must either be no remedy, or constructive notice must be substituted as sufficient; and what constructive notice shall be given is a question of legislative discretion rather than of power. We see no abuse of sound discretion in the mode of service prescribed in this statute.

Nor does the act constructively dispense with a jury whenever, as in other cases, indeterminate damages are to be assessed or an issue of fact tried. It is not, in that respect, therefore, unconstitutional; nor is the judgment by the court, without a jury, erroneous; because there was no issue to try nor damages to assess—the defendants failing to answer, and the suit being for a specific debt.

But there is error in the joint judgment. No judgment against the defendants could be sustained on the 1st paragraph in the petition, because that does not charge them under the statute, as officers of the Provisional Government; and, consequently, the constructive service prescribed by the statute was inapplicable, and did not authorize judgment by default.

The 2d paragraph, being under the statute, the statutory citation was sufficient to authorize judgment. But the judgment ought to have been several against each defendant for what each and alone seized and appropriated. This paragraph, as a distinct suit, is under the 2d section of the act, which is in the following words: " That all persons claiming to act as sheriffs, auditors, commissioners, treasurers, or other inferior officers or agents, and their sureties, if any, under the pretended authority of the said Provisional Government, shall, and they are hereby, declared to be liable for all the public revenue of the State which, at any time, may have been in their hands or under their control as *such officer* or *agent;* and they shall *respectively* be bound to answer personally out of their own estate for such revenue."

The 1st section properly holds the Governor and council jointly liable for whatever any and all of their subordinate officers and agents shall have unlawfully seized. But the 2d section evidently and justly makes each subordinate liable,

severally, for only what he himself took ; and accordingly the 2d paragraph, in the petition against subordinates alone, charges each of them separately with the amount of revenue which he, in his distinct sphere, alone took. The appellant is charged with extorting from a State sheriff $947 67 as pseudo treasurer ; and other defendants are, in like manner, charged with taking, in other official capacities, other separate sums.

We cannot avoid the conclusion that the joint judgment was unauthorized, and that, therefore, the judgment against Burnam for $100,000 is erroneous.

Wherefore, the judgment, as against the appellant, is reversed, and the cause remanded for further proceedings against him consistently with this opinion.